# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE



**BRENDAN LINEHAN SHANNON**
**JUDGE**

**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 252-2915**

July 14, 2026

Erin K. Brignola, Esquire
Gellert Seitz Busenkell & Brown, LLC
1201 N. Orange Street, Suite 300
Wilmington, DE  19801

Elizabeth A. Trachtman, Esquire
Orlans PC
4250 Lancaster Pike, Suite 140
Wilmington DE  19085

Re:  In re Aileen Rosado
Case No.  25-11489 (BLS)

Dear Counsel:

This letter follows upon a hearing held in the above matter on May 19, 2026.  The issue before the Court is the objection[1] of Exeter Finance LLC (hereinafter the "Creditor") to the confirmation of the Debtor's Chapter 13 Plan.  For the reasons that follow, the Court will sustain the Creditor's objection and will deny confirmation of the Debtor's proposed plan.

The dispute arises from language in the Debtor's proposed Plan that would operate to require the Creditor to deliver the title to the Debtor's vehicle upon completion of all payments required under the Plan, rather than upon issuance of the discharge.  It is the Debtor's position that she will be materially prejudiced if she is obliged to wait for the discharge to be issued, which may be months after completing all of the payments to the Creditor required by the Plan.

The Creditor responds that, by operation of the rule set forth in *Till v. SCS Credit Corp.,* 541 U.S. 465 (2004), the Debtor's Plan provides for a lower interest rate than would otherwise be contractually required.  Thus, in the event no discharge is granted, the Debtor would still owe money to the Creditor notwithstanding that she had made all of their required Plan payments.  Accordingly, Creditor contends that it is entitled to retain its lien upon the vehicle until issuance of the discharge, at which time the Creditor's claim would be satisfied as a matter of bankruptcy law.

---

[1] Docket No 16.

Erin Brignola, Esquire
Elizabeth A. Trachtman, Esquire
July 14, 2026
Page 2

The Creditor has the better argument.  While the Court is certainly sympathetic to this Debtor's (and other debtors in predictably similar circumstances) frustration that they may be obliged to wait to receive the title, the law provides that the Creditor still enjoys the right to seek a larger or superior recovery until such time as the Debtor receives her discharge.

Accordingly, the objection to the Debtor's Chapter 13 Plan is sustained, and the parties are directed to confer with the Chapter 13 Trustee regarding submission of an Amended Plan that removes the offending provisions and is otherwise susceptible to confirmation under the Bankruptcy Code and established practice in this jurisdiction.

Very truly yours,

BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

cc:     William F. Jaworski, Esquire
        Chapter 13 Trustee